### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                          **Case number: 2:26-cr-00012**

**JOSE ALFREDO CRUZ-PEREZ**

### DEFENDANT'S SENTENCING MEMORANDUM

José Alfredo Cruz-Perez is a young man from Mexico who came to this country to work and make a better life for himself and his family. His sole offense is obtaining and using false documentation to obtain employment so he could support himself and send money to his family in Mexico. He has no prior criminal history. He harmed no one either physically or financially. He has never had any involvement with drugs, crime or gangs. He is just a very young man from an impoverished background struggling to survive.

On January 16, 2026, the day before his 22nd birthday, José was working at the Rio Grande restaurant in Nitro, West Virginia when the business was raided by armed men in para-military garb, many masked and threatening, screaming in a language he does not understand. Without explanation, José was forcibly seized and taken to an undisclosed location and held incommunicado from the outside world.

Four days after José was seized, on January 20, 2026, a criminal complaint was eventually executed. The following day, January 21, 2026, five days after he was seized and detained, the United States first filed a motion for detention. On January 22, 2026, the magistrate

judge scheduled a detention hearing for February 4, 2026, nineteen days after José was seized at the Rio Grande restaurant. Undersigned counsel was first informally notified of his appointment on January 26, 2026, by which time José had been held in penal custody for ten days without any hearing of any kind or any form of minimal due process.

A detention hearing was conducted on February 4 and February 10, 2026. Primarily because José is alone in this country, rendered penniless by the loss of his job, and was unable to locate a suitable residence for release on bond, he has been held in custody continuously for 53 days. Alone, frightened and traumatized by his treatment, José just wants to go home to his family as soon as possible. To that end he has pleaded guilty to using a false green card and asked to be sentenced immediately to expedite his removal and reunification with his family in Mexico with whom he has had no contact for two months and who must be profoundly concerned about his well-being.

José is aware that by pleading guilty to a felony offense he is waiving many valuable rights and relieving the United States from the burden of proving the case against him with admissible evidence. He is also aware of the statutory penalty which includes imprisonment of up to five years and that his conviction means it is virtually certain he will not be permitted to lawfully reenter the United States under current laws. Understandably, given his treatment, he just wants this ordeal to be over as soon as possible and now has no desire to be in this country.

José is respectfully requesting that this Court impose a sentence of time served with no term of supervised release so that his return to his homeland can occur as soon as possible

**Objections to the Presentence Investigation Report**

The defendant has no objections to the guideline calculation in the presentence investigation report. He concurs with the base offense level of 8, and a 2 level downward adjustment for acceptance of responsibility and another 2 level reduction because he is a zero point offender under U.S.S.G.  § 4C1.1 (a). With a total offense level of 4 and criminal history category I, the advisory guideline range is 0-6 months rendering a sentence of 53 days time served within the middle of the guideline range.

**18 U.S.C. § 3553 (a) factors**

A sentence of time served,  is sufficient to fulfill the purposes of 18 U.S.C. § 3553 (a), and will provide an appropriate sentence for Mr. Cruz-Perez. José is a hard-working young man who obtained the document he needed to work so he could support himself and send money to his family. That is the entirety of his offense. This is a non-violent offense with no victim,  the public at-large was not harmed and the withholding taxes and FICA contributions remitted to the Treasury support programs from which Mr. Cruz will not benefit. As a result José will be permanently  removed from the United States. *See* 18 U.S.C. § 3553 (a)(1).

A sentence of time served will   reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Nothing about this offense dictates the need for a longer sentence than José has already served.   *See* 18 U.S.C. § 3553 (a)(2)(A). The extra-judicial treatment Mr. Cruz-Perez has received more than adequately will deter him  and a sentence of 53 days  time served is adequate to deter other individuals. *See* 18 U.S.C. § 3553 (a)(2)(B). To the extent the need to protect the public is relevant to this offense, his removal from

3

the United States moots the need to protect the public from Mr. Cruz-Perez working in this country. *See* 18 U.S.C. § 3553 (a)(2)( C ).

Mr. Cruz-Perez's advisory sentencing range falls within Zone A of the sentencing table and all established forms of alternative sentences are available in addition to imprisonment but as he will be removed, alternative sentences are not practical in this case. *See* 18 U.S.C. §§ 3553 (a)(3) and (a)(4). As set forth in the presentence investigation report, only 158 of the 185 similarly situated  defendants sentenced under U.S.S.G. § 2L2.2 between 2022 and 2024 received a a sentence of imprisonment at all,  and for all 185 defendants with a total offense level of 4 and criminal history category I, the average sentence imposed was 3 month(s) and the median sentence imposed was 2 month(s). *See* Presentence Investigation Report,  ¶ 90. Therefore, a sentence of 53 days time served will avoid any sentencing disparity. *See*  18 U.S.C. §§ 3553 (a)(6).

The defendant does not intend to call any witnesses at  sentencing. Due to the language barrier, need for an interpreter,  and this being a combined plea and sentencing hearing, counsel estimates the hearing might take approximately 90 minutes.

Wherefore, in light of the foregoing, Mr. José Alfredo Cruz-Perez respectfully sentence him to sentence of time served with no term of supervised release.

Respectfully Submitted,
JOSE ALFREDO CRUZ-PEREZ,
By counsel,

**s/ David Schles**
David Schles (WV Bar #6375)
815 Quarrier Street
Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**UNITED STATES OF AMERICA**

**v.**                                            **Case number: 2:26-cr-00012**

**JOSE ALFREDO CRUZ-PEREZ**

**CERTIFICATE OF SERVICE**

     I, David Schles, counsel for defendant,José Alfredo Cruz-Perez,  do hereby certify that on this 9th  day of March 2026,  the foregoing   DEFENDANT'S SENTENCING MEMORANDUM was  served upon the following by CM/EMF electronic filing  to:

Mr. Jonathan T. Storage
Assistant United States Attorney

                         s/ David Schles
                         David Schles, WV Bar #6375
                         815 Quarrier Street
                         Suite 306
                         Charleston, WV 25301
                         (304) 344-1559
                         Schleslaw@gmail.com